# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARMANDO HERNANDEZ-GARCIA,<br><br>Defendant. | CASE NO. 20cr1116-BEN<br><br>**ORDER DENYING EMERGENCY MOTION TO REASSIGN CASE AND CORRECT SENTENCE [Dkt. 29]** |
|---|---|

Sentenced federal prisoner Armando Hernandez Garcia has filed what is styled as an "Emergency Request to Reassign Case to Different Judge . . ." Dkt. 29. The gist of the application is Hernandez's contention that Senior United States District Judge Roger T. Benitez somehow violated his rights by conducting an in-person sentencing hearing, rather than conducting the hearing by videoconference. On this basis, Hernandez requests that the undersigned transfer the case to a different district judge under Criminal Local Rule 57.2 so that this new judge can "correct" the sentence under Federal Rule of Criminal Procedure 35. Finding no basis to grant this relief, the Court **DENIES** the application.

On April 9, 2020, the undersigned issued Order of the Chief Judge 22 ("CJO 22"). The purpose of the Order was to simplify and expedite felony sentencing procedures during the COVID-19 pandemic. More specifically, the Order pointed out that delaying sentencing in cases until the defendant could personally appear might result in the defendant serving a

longer sentence than necessary and reasonable. To avoid this result, the Order provided that felony sentencing cases in which the Government was recommending a "time served" or probationary sentence would be randomly reassigned among District Judges to facilitate the option of sentencing defendants via videoconferencing, as permitted by the recently enacted CARES Act. Specifically, CJO 22 provides as follows:

> . . . [A]ll felony criminal sentencings in which the Government is recommending a "time-served"' or probationary sentence for in-custody defendants will be given scheduling priority on the Court's calendars. Consistent with Criminal Local Rule 57.2, the Clerk of the Court will reassign such sentence-ready cases to District Judges based on: (1) the availability of individual judges; and (2) the videoconferencing capabilities at the Court and pretrial detention facilities.

The Order went on to observe that "[a]t present, in-custody defendants can appear in Court only by video conference," which the Order noted "preclude[s] conducting regular court operations for the time being." Importantly, however, nothing in the Order forbade individual District Judges from conducting in-person proceedings where circumstances permitted, nor did the Order in any way guarantee that an individual District Judge would follow the recommendation to impose a "time served" type sentence.

Pursuant to the process spelled out in CJO 22, Hernandez's sentencing was randomly assigned to Judge Benitez,[1] who held the sentencing hearing by videoconference on April 27, 2020. Attorney Rebecca Fish appeared for the Defendant and Assistant U.S. Attorney Michael Lasater appeared for the Government. From the outset of the hearing, the transcript reveals that Judge Benitez and his court reporter encountered considerable difficulty in hearing Ms. Fish, who was appearing on the conference from her home. *See* Tr. at 2 (The Court: "Let's take a break. I'm sorry. You're kind of breaking up on me."); Tr. at 4 (The Court: "You're breaking up."); Tr. at 7 (The Court: I'm sorry, you're breaking up still. I apologize . . . You know, this is not going to work. I'm sorry Ms. Fish. We're just

---

[1] Hernandez's case was originally assigned to United States District Judge Anthony J. Battaglia.

having a very, very difficult time hearing you.  I don't know if the court interpreter is having the same problem I am, but you're just cutting out a lot, and I'm only hearing about every – maybe every other syllable that – when you speak up.); Tr. at 12 (The Court: "are you walking around Ms. Fish? Because all of a sudden you started breaking up again."). Following these numerous interruptions, and after checking with the interpreter who also confirmed having difficulty hearing what Ms. Fish was saying, Judge Benitez determined it would be futile to continue Hernandez's sentencing by videoconference: "Well, I'll tell you what. This is not going to work. Let's just do this – we'll just do this in person. Let's schedule this matter for sentencing next – what do you say? I have a calendar on Monday" . . . On the 27th [of April] at 2:00 P.M.  All right. If you're going to file a memorandum – an additional memorandum, please do so.  I'd like to see what you have to say about his risks and why he should be released. Okay?" Tr. at 12.  Ms. Fish responded: "All right."  Judge Benitez then reiterated: "So this matter is continued until next Monday. I'll order everyone to be present on that day. All right? Thank you", to which Ms. Fish again replied "All right. Thank you, Your Honor. *Id.*

The record demonstrates that at no time did Ms. Fish object to Judge Benitez's suggestion to continue Hernandez's sentencing and to have him appear in person.  And why would she?  In-person sentencing proceedings—where the defendant and the judge are both present and face-to-face in the courtroom—have long been required by Rule 43 and have only recently been excused by the exceptional circumstances of a pandemic that renders conducting them impossible.  Indeed, when it became clear that Judge Benitez intended to impose a sentence greater than time served, Ms. Fish *herself* suggested that her client might prefer to proceed in person rather than via videoconference, belying any protests to the contrary.  See Tr. at 6:16-18.

At the in-person sentencing hearing the following Monday, Judge Benitez imposed a custodial sentence of 30 months, which exceeded the parties' joint recommendation of time served.  Defendant then filed this motion seeking (1) to have the case reassigned to a

different judge under Criminal Local Rule 57.2, and (2) to have that new judge "correct" the sentence imposed under Rule 35.

The undersigned has no authority to grant the relief Defendant seeks. First, there is no basis to reassign the case under Local Rule 57.2(b), which generally permits the Chief Judge to reassign a case "at any time to a consenting judge in the interest of efficient administration of the judicial business of the district." Plaintiff argues that such relief is warranted because Judge Benitez violated CJO 22 by holding an in-person sentencing. As discussed above, however, nothing in CJO 22 precludes an individual District Judge from holding in-person hearings where necessary. In fact, Order of the Chief Judge 18, issued shortly after the COVID-19 pandemic began, specifically reserves to individual judges the discretion to hold hearings as they see fit. *See* CJO 18 at ¶ 4 ("Except for convening jury trials, individual district judges will retain discretion, on a case by case basis, to schedule criminal and civil proceedings, hold hearings, conferences, and bench trials, and otherwise take such actions as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties. Judges may conduct court proceedings by telephone or video conferencing where practicable and consistent with the law."). Granting Defendant this relief would be particularly problematic given that defense counsel did not contemporaneously object to Judge Benitez's suggestion that the sentencing be held in person.

Further, even if transfer to a different judge were appropriate, Rule 35 would not permit the newly assigned judge to "correct" the sentence imposed. This is true for two reasons. First, motions under Rule 35 must be brought before the judge who imposed the sentence, and this rule would plainly be violated if the undersigned (or another District Judge) were to "correct" Defendant's sentence. *See United States v. Hammer*, 496 F.2d 917, 919 (5th Cir. 1974) ("[T]he district judge who accepted the appellant's guilty plea and sentenced him is the proper judge to adjudicate his Rule 35 motion."). Second, relief under Rule 35 is limited to technical errors, such as scrivener's errors, and does not extend to substantive objections about the reasonableness of the sentence. *See United States v.*

*Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011). If Defendant wishes to challenge the sentence imposed, he should do so in the normal way: through a direct appeal.

In sum, the undersigned lacks any authority to transfer this case or to "correct" the sentence imposed by Judge Benitez. Nor does the record reflect that there would be any basis to do so if it were possible. Instead, the transcripts of the sentencing hearings suggest that Defendant's real gripe is that Judge Benitez wasn't inclined to follow the parties' recommendation to impose a time-served sentence. Again, if Defendant wishes to challenge the substantive reasonableness of the sentence, he is free to take it up with the Ninth Circuit through direct appeal. Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 6, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge